UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 23-00232 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HUEY P. SCOTT, JR. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Huey P. Scott, Jr. ("Scott"). See Record Document 109. The Government opposes the motion. See Record Document 112. For the reasons set forth below, Scott's motion is **DENIED**.

**FACTUAL BACKGROUND**

On September 27, 2023, a federal grand jury returned an indictment charging Scott with possession with intent to distribute methamphetamine (Count One), possession of a firearm during a drug trafficking offense (Count Two), and receipt or possession of an unregistered NFA firearm (Count Three). See Record Document 1. Following a two-day jury trial beginning on September 16, 2024, the jury found Scott guilty of Count One and not guilty of Counts Two and Three. See Record Document 87.

The Presentence Investigation Report ("PSR") calculated a total offense level of 30 and a criminal history category of I, resulting in an advisory guideline range of 97 to 121 months, but the statutory minimum was 120 months. See Record Document 95. The acquitted conduct was not included in the guideline calculation. See id.

On January 30, 2025, this Court imposed a sentence of 151 months of imprisonment as an upward variance under 18 U.S.C. § 3553(a), citing, among other

factors, the presence of firearms. See Record Document 100. Scott appealed, and the United States Court of Appeals for the Fifth Circuit affirmed his conviction. See Record Document 108.

Scott timely filed the instant § 2255 motion on December 16, 2025. See Record Document 109. He asserts that his counsel was ineffective: (1) for failing to file a motion to suppress; (2) during cross-examination at trial; and (3) for failing to object at sentencing.

## LAW AND ANALYSIS

### I. Applicable Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255 motion. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); see also United States v. Fields, 761 Fed. Appx. 443, 466 (5th Cir. 2014).

Claims of ineffective assistance of counsel are governed by the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on whether counsel's deficient performance prejudiced the defense. See Strickland, 466 U.S. at 667.

**II.   Analysis**

a. Motion to Suppress

Scott first contends that counsel was ineffective for failing to challenge the search of his residence. The record reflects that the search was conducted pursuant to a warrant. Scott does not identify any defect in the warrant, challenge probable cause, or allege any basis upon which a motion to suppress would have succeeded.

Scott has not demonstrated that counsel's failure to file a motion to suppress fell below an objective standard of reasonableness. The decision whether to file a suppression motion is a matter of professional judgment and trial strategy. See Strickland, 466 U.S. at 689. Additionally, counsel is not required to file meritless motions. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).

Because Scott has not demonstrated that a motion to suppress would have been viable, he cannot establish deficient performance or prejudice. Absent a showing that suppression would have been granted, there is no reasonable probability that the result of the proceedings would have been different. Accordingly, this claim is **DENIED**.

b. Cross-Examination

Scott next contends that counsel was ineffective when cross-examining Sergeant Ledet. Counsel elicited testimony referencing "five" controlled buys, two of which had been excluded. See Record Document 104. The record reflects that defense counsel immediately objected and moved for a mistrial. See id. The Court denied the motion. See id. On appeal, the Fifth Circuit concluded that the reference did not substantially impact the jury's verdict. See Record Document 108.

Decisions regarding cross-examination are matters of trial strategy and rarely constitute ineffective assistance. See United States v. Bernard, 762 F.3d 467, 472 (5th Cir. 2014). Scott has not demonstrated that counsel's questioning fell below an objective standard of reasonableness. Nor can he demonstrate prejudice, particularly in light of the Fifth Circuit's determination that the testimony did not substantially affect the verdict. Accordingly, this claim is **DENIED**.

c. Firearm Enhancement

Scott argues that counsel was ineffective for failing to object to a firearm enhancement under U.S.S.G. § 2D1.1(b)(1). The record conclusively refutes this claim. The PSR did not apply a firearm enhancement, and the acquitted conduct was not included in the guideline calculation. See Record Document 95.

The 151-month sentence imposed by this Court was an upward variance under 18 U.S.C. § 3553(a), not a guideline enhancement. Counsel cannot be deemed ineffective for failing to object to an enhancement that was not applied. Moreover, the sentencing transcript reflects that counsel did object to the upward variance. Therefore, Scott has failed to establish either deficient performance or prejudice, and this claim is **DENIED**.

## CONCLUSION

Based on the reasons explained above, Scott's Motion (Record Document 109) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT