**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                CRIMINAL ACTION NO. 23-00232

VERSUS                                                    JUDGE S. MAURICE HICKS, JR.

HUEY P. SCOTT, JR.                                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Record Document 119) filed by Petitioner, Huey P. Scott, Jr. ("Scott"). For the reasons set forth below, the Motion is **DENIED**.

Scott styles his motion as a Rule 59(e) motion. See id. A motion under Rule 59(e) must be filed no later than 28 days after entry of judgment. See Fed. R. Civ. P. 59(e). Judgment denying Scott's § 2255 motion was entered on February 19, 2026. See Record Documents 113 & 114. The instant motion was not signed until June 4, 2026, well beyond Rule 59(e)'s 28-day deadline. See Record Document 119 at 3. Accordingly, the motion is untimely and must be denied.

Even if the motion were timely, the Court would still deny the motion. Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem Inc., 367 F.3d 473, 4779 (5th Cir. 2004) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments" that could have been raised before entry of judgment. Id.

Scott contends that the Court erred in denying his Motion to Vacate under 28 U.S.C. § 2255 without requiring a Government response, obtaining an affidavit from trial

counsel, or conducting an evidentiary hearing. See Record Document 119 at 1–2. He further argues that the Court misapplied the prejudice standard under Strickland v. Washington, 466 U.S. 668 (1984), and improperly rejected his ineffective-assistance claims. See Record Document 119 at 2.

Scott has failed to demonstrate any manifest error of law or fact warranting relief under Rule 59(e). As an initial matter, his assertion that the Court denied his § 2255 motion without requiring a Government response is incorrect. The Government filed an opposition to the § 2255 motion, which the Court considered before issuing its Memorandum Ruling. See Record Document 112. Moreover, Scott has not identified any newly discovered evidence or intervening change in controlling law. In denying relief under § 2255, the Court concluded that Scott failed to establish either deficient performance or prejudice with respect to his ineffective-assistance claims. See Record Document 113. Scott's present Motion offers no basis for disturbing those conclusions.

To the extent Scott argues that an evidentiary hearing was required, a district court may deny a § 2255 motion without an evidentiary hearing when the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. See 28 U.S.C. § 2255(b). The Court has already determined that the record conclusively establishes that Scott is not entitled to relief, and nothing in the instant Motion alters that conclusion.

Accordingly,

**IT IS ORDERED** that Scott's Motion to Alter or Amend Judgment (Record Document 119) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of June, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT